UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE ROBBINS,<br><br>                         Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, DEPARTMENT OF HEALTH AND MENTAL HYGIENE OF THE CITY OF NEW YORK, DANA GERENDASI, KATIE MCGILLICADDY, MAUREEN RYAN, and DIANE TRIUNFO,<br><br>                         Defendants. | **MEMORANDUM<br>DECISION AND ORDER**<br><br>17 Civ. 2229 (BMC) |

**COGAN**, District Judge.

When a plaintiff takes inconsistent positions about whether to maintain federal claims that led to the removal of the action to federal court, her ultimate decision to proceed on only the state claims warrants dismissal of the state claims without prejudice, not remand.

## BACKGROUND

Plaintiff originally brought this employment discrimination action in state court, alleging that she was discriminated against and subjected to a hostile work environment because she is over 50 and Jewish. She alleged four causes of action – violation of (1) her "federal constitutional rights"; (2) her "state constitutional rights"; (3) New York Executive Law § 296; and (4) New York City Administrative Code § 8-101, *et seq*. Based on her first cause of action, defendants timely removed the case to this Court. See 28 U.S.C. § 1441, *et seq*.

Upon my review of the removed state court complaint, it was clear that plaintiff came nowhere near the requirements to plead a claim under Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). There was not one word connecting her protected status with the adverse events alleged. Nor did it appear that the events about which she was complaining constituted adverse employment actions or rose to the level of a hostile work environment. Virtually *in toto*, she alleged that defendants, acting collectively and without differentiating between them, (1) "took control" (in some unspecified manner) of her assignments as a nurse, as a result of which she was unable to complete her work; (2) "took [unspecified] steps to make it appear as if the plaintiff was incompetent and unable to perform her duties as the school nurse"; (3) "directed that the payroll secretary at the said school to intentionally and/or recklessly tamper [in some unspecified way] with the plaintiff's payroll records," without any allegation that this tampering had cost plaintiff any money; and (4) "took various other [unspecified] steps to create for the plaintiff a hostile work environment and to discriminate against her solely by reason of her age and her religion."

Because plaintiff had neither the need nor the opportunity to meet federal pleading standards prior to removal, I entered an Order, pursuant to Fed. R. Civ. P. 81(c),[1] giving her a choice: either file an amended complaint that dropped the "federal constitutional claim," in which case I would decline supplemental jurisdiction over the state law claims and remand them to state court, or file an amended complaint that met the requirements for a federal pleading.

Plaintiff chose to attempt the latter course, and filed an amended complaint that again included the "federal constitutional" claim. The amended complaint added allegations that (1) defendants refused to give plaintiff assistants or aides, even though the school had over 1000 children; (2) defendants required her to leave the building by 6:00 p.m., even if she had not

---

[1] "After removal, repleading [of a removed complaint] is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2).

finished her work; (3) she received an "unsatisfactory" job performance evaluation; (4) when she showed up for the first day of school, she was told to report to another school, and when she asked for an explanation, one of the defendants told her it was because the other defendants "didn't like her"; (5) defendants had a meeting with her at which they rescinded her transfer to the second school, but one of the defendants told the others, in front of her, that if they wanted to get rid of plaintiff, they would have to write her up; (6) when she resumed her work at the first school, defendants did in fact write her up at least three times, but falsely; (7) she was given a new set of guidelines and told by an unidentified person "not to get too involved with the children" and not to talk to security officers in the building; and (8) when she complained to defendant Ryan that she was overworked, defendant Ryan told her to "get a thicker skin." There were no facts alleged that tended to show that these events occurred because plaintiff was over 50 and Jewish.

Defendants then moved to dismiss the amended complaint for failing to meet federal pleading standards. Instead of opposing the motion, plaintiff submitted a letter, recounting the history of the case and advising that she had changed her mind about pursuing a claim under federal law:

> On behalf of the plaintiff I hereby withdraw and discontinue only the first cause of action brought exclusively pursuant to federal law. By reason of the withdrawal and discontinuance this Honorable Court no longer has jurisdiction over this matter. It is therefore requested that with respect to the remaining causes of action that Your Honor issue an Order of Remand to Supreme Court, Queens County.

## DISCUSSION

A federal court has a continuing obligation to examine its subject matter jurisdiction *sua sponte*. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The question before me is, therefore, the effect of plaintiff's letter on this Court's subject matter jurisdiction.

Plaintiff's effort to unilaterally "discontinue" her federal claim is ineffective. Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order" by, *inter alia*, filing a pre-answer notice. Plaintiff may therefore unilaterally dismiss this action, but the Rule does not authorize her to dismiss a single claim. See <u>Harvey Aluminum, Inc. v. Am. Cyanamid Co.</u>, 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'").

In addition, even if plaintiff could unilaterally dismiss her federal claim, she would still be mistaken in asserting that I "no longer [have] jurisdiction over this matter." The case was properly removed based on federal question jurisdiction as to plaintiff's federal claim and supplemental jurisdiction as to her state law claims. Since jurisdiction vested in this Court, subsequent events cannot deprive the Court of that jurisdiction. See <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 293 (1938).

Obviously, plaintiff now wants to return to state court and is willing to abandon her federal claim to do so. There is a procedure to do this. It consists of a two-step process. The first step is to eliminate the federal claim. This can be done by filing an amended complaint under Federal Rule of Civil Procedure 15(a) that does not contain the federal claim. Because plaintiff has already filed an amended complaint, leave of court is required under Rule 15: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second step is to seek remand under 28 U.S.C. § 1367, which provides that "[t]he district courts

4

may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Because plaintiff's intent is quite clear from the letter, I will treat the letter as a motion to amend her complaint under Rule 15(a) to withdraw her federal claim, and for me to decline to exercise supplemental jurisdiction over her remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Each of these requests for relief appeals to the Court's discretion. And the exercise of that discretion in plaintiff's favor is not automatic. First, although the discretion in granting leave to amend under Rule 15(a) is cabined by the requirement that such leave should be "freely granted," courts have declined leave to amend when a plaintiff has attempted to manipulate the Court's subject matter jurisdiction by dropping federal claims when she did not like the way the case was proceeding in federal court. One of the most frequently-cited cases reaching this result is Payne v. Parkchester North Condominiums, 134 F. Supp. 2d 582, 587 (S.D.N.Y. 2001). There, Judge Knapp denied both leave to amend the complaint to remove federal claims and to remand the case, based on his finding that

> plaintiffs waited over seven *months* to file for remand, some discovery has already occurred under the Federal Rules, and this Court has become quite familiar with the case through pre-motion conferences. Thus, remand would postpone the litigation, waste judicial resources, and perhaps cause inconsistences in discovery procedure. Similarly, we find that defendants would suffer appreciable prejudice and inconvenience in having to file their summary judgment motion weeks later than they anticipated in front of a judge unfamiliar with the case.

Id. at 587.

I respectfully disagree with Payne to the extent it denied leave to amend to drop the federal claims. This is because, as a practical matter, forced litigation rarely works. Because the plaintiffs in Payne did not want to litigate the federal claims, plaintiffs may have ended up not

5

mentioning them to the jury, not proposing jury instructions, and objecting to the submission of those claims to the jury.

Aside from these kind of practical difficulties that arise if a court insists that an unwilling plaintiff maintain her federal claims, it is unnecessary to do so. As noted above, the court has discretion to maintain claims based on supplemental jurisdiction even after the federal claims have been dismissed. That is the appropriate vehicle to address the problem of a plaintiff who has manipulated the federal court and her adversary and caused them to expend substantial resources, only to seek a new forum once things started going badly.

I therefore grant plaintiff leave to amend her complaint, and it is deemed amended to omit her federal claim. The question then remains whether I should (1) retain supplemental jurisdiction, (2) remand the state court claims to state court from where they were removed, as plaintiff requests, or (3) dismiss the claims without prejudice to recommencement in state court.

The first option would be draconian. This case is not Payne. We do not have extensive litigation nor is the Court very familiar with the particular theories and claims in the case. Further, considering the relatively early stage of the case, it would be inappropriate for this Court to maintain supplemental jurisdiction over the state claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."). Compare Maguire v. A.C. & S., Inc., No. 14-cv-7578, 2015 WL 493445 (S.D.N.Y. Aug. 18, 2015) (remanding after amendment as of right without federal claims where little had happened) with Chapman v. CBS Corp., 310

F.R.D. 240 (S.D.N.Y. 2015) (reserving on the issue of whether it would exercise supplemental jurisdiction since parties had already briefed summary judgment motion).

That leaves us with the choice of either remanding or dismissing without prejudice. The starting point is the statute 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The plain language of the statute does not permit remand in our situation because we do not lack subject matter jurisdiction. We are merely declining to exercise it under 28 U.S.C. § 1367(c).

For its part, § 1367(c) says nothing about whether removed state law claims as to which the court is declining to exercise subject matter jurisdiction should be remanded or dismissed without prejudice. It simply says the court may "decline" to exercise jurisdiction, and it seems likely the statute is contemplating the usual situation of a case commenced in, rather than removed to, federal court. There is thus no provision of the Judicial Code that authorizes remand of claims as to which the court is declining to exercise supplemental jurisdiction, and it would appear that the appropriate procedural vehicle to implement the court's decision under § 1367(a) is dismissal of the state law claims without prejudice.

Notwithstanding the absence of any authorizing language in the statute, the Supreme Court held in <u>Carnegie-Mellon</u> that district courts have discretion to remand removed state law claims, rather than dismiss them without prejudice, when the court determines not to exercise supplemental (then called "pendent") jurisdiction.[2] In fact, the Court suggested that remand

---

[2] Justice White criticized the majority's holding as contrary to the language of the statute and effecting its own preference for the proper procedure over that of Congress:

> [T]he Court itself grants the district courts virtual *carte blanche* to remand pendent claims for the amorphous reasons of "economy, convenience, fairness, and comity" that may seem justifiable to the majority but that have not been recognized by Congress. . . . The Court has thereby provided a new tactical weapon to plaintiffs . . . who may be less interested in securing a prompt trial on the

7

would be the preferred option, especially where the statute of limitations has expired while the state law claims were pending in federal court, [3] or where considerations of judicial efficiency weighed against requiring the plaintiff to start over in state court.  However, the Court noted that dismissal without prejudice rather than remand would be appropriate if the plaintiff had engaged in an improper attempt to manipulate the forum:

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.  The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state law claims.

Id. at 358.

As noted above, not enough has happened in this case since removal so as to warrant this Court's retention of claims solely under its supplemental jurisdiction, nor will I force plaintiff to maintain a federal claim that she wishes to abandon.  However, it is also the case that plaintiff has engaged in a flip-flopping of positions that has cost both this Court and defendant resources. As one Court of Appeals has noted in refusing to allow a plaintiff to drop federal claims,

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal.  A federal forum for federal claims is certainly a

---

merits than in causing the litigation to become so burdensome to the defendants that they will accede to a favorable settlement.

484 U.S. at 362-63 (White, J., dissenting).

[3] The Court's concern over the expiration of a statute of limitations while the state claims are pending in federal court may have been unnecessary at the time and certainly is no longer warranted.  Section 1367 was enacted two years after Carnegie-Mellon.  Subsection (d) imposes a toll of the statute of limitations on state claims within the court's supplemental jurisdiction, which continues until 30 days after dismissal of the supplemental claims, or such period, if longer, that is provided by state law.  Such state tolling provisions are common, and often longer than 30 days; for example, New York allows six months.  See N.Y. C.P.L.R. § 205(a);  see also generally Annot., Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, as Applicable in Cases Where Original Action Failed for Lack of Jurisdiction, 6 A.L.R.3d 1043 (originally published 1966).

> defendant's right. If a state forum is more important to the plaintiff than his
> federal claims, he should have to make that assessment before the case is
> jockeyed from state court to federal court and back to state court. The jockeying
> is a drain on the resources of the state judiciary, the federal judiciary and the
> parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned.

Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985).

Plaintiff's tactical choices here may have been, and undoubtedly were, poorly considered, but they were tactical choices nonetheless. She first brought a federal claim in state court knowing that she would be subject to removal. Upon removal, she was given the opportunity to withdraw the federal claim and return to state court, but she rejected that and filed an amended complaint which purported to amplify her federal claim to satisfy federal pleading standards. Only when defendants filed their motion to dismiss and she was called upon to oppose the motion did she then again change her mind and seek to return, through an equally inartful procedure, to state court.

This last point is important because it seems unlikely that I would have denied defendant's motion to dismiss. As shown above, her restated federal claim still woefully failed to suffice under federal pleading rules. There is not one adverse employment action alleged, as that term is defined under federal employment discrimination law, see Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 721 (2d Cir. 2010), and the totality of her grievances do not approach the "severe or pervasive" abuse required for a federal hostile work environment claim. See Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 20 (2d Cir. 2014). Moreover, there remains a complete absence of any factual allegation that would tend to show her grievances were the result of her being over 50 and/or Jewish. This remains a classically deficient case of a plaintiff alleging "nothing more than the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it

happened because I am (insert name of protected class)." Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011).

After putting defendant to the trouble of moving to dismiss, it seems likely that plaintiff chose to belatedly opt out of her federal claim because there was nothing she could say to defend it. Her decisions to (i) include a federal claim in state court, (ii) litigate the claim once removed to federal court, and (iii) then change her mind when things started to go badly in federal court is the kind of manipulative conduct that I believe the Carnegie-Mellon Court had in mind when it confirmed the district court's ability to dismiss without prejudice rather than remand such cases.

I cannot determine, of course, whether plaintiff's state law claims will be deemed adequately pled under state law if she decides to refile them there. But in the absence of any allegations showing causation – and grievances that do not rise to a level beyond dissatisfaction with the way she is treated on the job – the indicators are there that this is a marginal case of alleged employment discrimination. Rather than remanding to state court, where it would likely continue reflexively, plaintiff should consider whether the case has enough merit to warrant a second filing fee and recommencement.[4]

## CONCLUSION

Plaintiff's complaint is deemed amended to exclude her claim for violation of her federal constitutional rights. Because this case is in an early stage, the Court declines to exercise

---

[4] I have been referring to "plaintiff" rather than "plaintiff's counsel" as plaintiff is charged with the tactical decisions of her attorney. Of course, I recognize that these decisions are usually reached solely or largely by counsel, and thus it should be obvious that to the extent this decision criticizes the tactical determinations of plaintiff's position, these are directed to counsel, not plaintiff herself. In that vein, I further note there are cases of insufficient legal merit where the best representation an attorney can give a client is to advise her to refrain from the ordeal of conducting a lawsuit.

supplemental jurisdiction over plaintiff's state law claims, and for the reasons set forth above, those claims are dismissed without prejudice to pursuit in state court.

**SO ORDERED.**

                                                                                         _____
                                                                                                          U.S.D.J.

Dated:  Brooklyn, New York
         May 19, 2017